## IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

DANIEL W. MADISON and      )
DONALD G. MADISON,      )
     )
        Plaintiffs,      )
     )
vs.      )      CIVIL ACTION NO.: CV-2006-_____
     )
ALABAMA DEPARTMENT OF      )
TRANSPORTATION,      )
     )
        Defendant.      )

### NOTICE OF APPEAL OF ADMINISTRATIVE RULING

COME NOW the Plaintiffs Daniel W. Madison and Donald G. Madison (hereinafter referred to as Plaintiffs/Appellants) and respectfully provide this Court, as well as the Alabama Department of Transportation, notice of relocation appeal Case Number 152.

In support hereof, the Plaintiffs would show unto this Honorable Court the following:

1.     That the Order appealed from is dated January 30, 2006, and is attached hereto as Exhibit A.

2.     That Plaintiffs appeal the decision of the Transportation Director of the Alabama Department of Transportation (DOT), Honorable Joe McInnis, set fort in the notification of the decision set out in the letter dated January 30, 2006, and authored by Paul Bowlin, Right of Way Engineer, Hearing Officer for the Department of Transportation's Board hearing the matter.

3.     That the issues on appeal include, but are not limited to the following:

a)     Failure to award diminution in value of personal property of Plaintiffs caused by the relocation where the State paid relocation storage only up to and through nine

1



(9) months after the removal of Plaintiffs' personal property from the premises through condemnation where the DOT failed and/or refused to continue said rental payments up to a year as permitted by law. The diminution in value pertains to losses which will occur as a result of having to pay rent on the equipment from and after the date that the State could have continued payment of the rent (up to a year instead of the nine (9) months allowed by DOT), as well as any forced sell of the equipment resulting to avoid payment of the continued rent, diminution in value resulting from both payment of rent and for sell.

b)    Failure to pay up to $22,500.00 in relocation payments for replacement dwelling for a business to the owners (both Plaintiffs).

c)    Failure to pay up to $5,250.00 for tenant payment assistance.

d)    Failure to pay or award costs connected to relocating (i.e., utility re-connection, survey, etc.).

e)    Failure to pay for removal of personal property consisting of storage tanks remaining being items of personal property rendered useless and devalued by the taking (including diminution in value of the tanks as well).

f)    Failure to pro rate real property taxes for that portion of the property already condemned and seized (the building has been razed and land taken), leaving the entire burden of the real estate taxes on Appellants/Plaintiffs.

g)    Failure to pay legal fees, costs and professional services (survey costs, etc.) associated with this appeal.

i)    The award as to the amount of the moving expenses as well, being the

2

payment referred to in the January 30, 2006, letter of $704.00 increased by $342.00 to $1,046.00. The language of the letter implies that the $1,046.00 sum includes transfer of the grocery equipment from its current location in storage to its new location once ascertained. This cost was already included in the mover's package and should not be included in the $1,046.00. Inclusion of the cost of relocating the equipment from storage in the $1,046.00 sum is fraudulent and a product of misrepresentations made to Plaintiffs.

4.  That the issues on appeal are as follows:

a)  That the decision to deny payment of the items set forth hereinabove in paragraph 3, a) through i) was arbitrarily and capriciously made and, therefore, due to be reversed and rendered.

b)  That the decision of the Right of Way Engineer and the Transportation Director of the Alabama Department of Transportation is not supported by the record and in fact the contrary is true; the record reflects that payments should have been made, which also indicates a decision premised on arbitrariness and capriciousness.

c)  The decision of the Director of Transportation of the Alabama Department of Transportation runs contrary to the evidence presented and is therefore plainly and palpably wrong and contrary to the evidence

d)  That the decision of the Transportation Director of the Alabama Department of Transportation resulted from a hearing process where employees of the Department of Transportation represented the hearing panel on appeal; with the Director of Transportation of DOT making the final decision. This reflects a biased

3

decision-making process where the same hearing officers and persons to whom the appeals were made involved the same agency against whom the appeal is made and also represents the agency whom pays the awards. The Alabama Department of Transportation acted as a defendant, as well as the hearing officer (judicial officer), in this case which violates principles announced by the Alabama Supreme Court in Stallworth vs. City of Evergreen, 680 So.2d 229 (Ala. 1996), as well as violates constitutional principles, due process notions of fair and impartial and unbiased decision-makers in administrative hearings.

e)      That failure to pay the items set forth in paragraph 3 (a) through (i) above violate Federal Department of Transportation regulations pertaining to condemnations engaged in where federal funds are utilized.

f)      That inverse condemnation is occurring with respect to personal property of the Plaintiffs/Appellants resulting from the uncompensated takings and refusal to provide compensation of the items set forth in paragraph 3 (a) through (i) above.

g)      That Fifth Amendment due process violations occur where there is a taking without compensation as applied to the state through the Fourteenth Amendment for failure to pay the above items set forth in paragraph 3 (a) through (i), as well as in the failure to compensate for the diminished value resulting therefrom.

h)      That the Alabama Department of Transportation ignored and/or violated their own State of Alabama laws and regulations pertaining to compensable items in failing and/or refusing to provide compensation for those items set forth in paragraph 3 (a) through (i) above.

4

Respectfully submitted,

DONALD G. MADISON

DANIEL W. MADISON

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Notice of Appeal has been served upon Honorable Joe McInnis, Transportation Director and upon Paul Bowlin, Right of Way Engineer, Alabama Department of Transportation, 1409 Coliseum Boulevard, Montgomery, Alabama 36110, by depositing a copy of the same in the United States mail, postage prepaid, on this the 3rd day of February, 2006.

DONALD G. MADISON

    **ALABAMA DEPARTMENT OF TRANSPORTATION**    

1409 Coliseum Boulevard, Montgomery, Alabama 36110

*Bob Riley*
*Governor*

*Joe McInnes*
*Transportation Director*

January 30, 2006

C E R T I F I E D   M A I L

Messrs. Donald and Daniel Madison
182 East Old Hayneville Road
Montgomery, AL 36105

**PLAINTIFF'S EXHIBIT**
**A**

RE:    Project No. NHF-336 (8)
       4-Lane US-331 from LeGrand to
       Existing 4-Lane in Montgomery
       Tract No. 6-B
       Montgomery County
       Relocation Appeal Case No. 152

Dear Messrs. Donald and Daniel Madison:

This is to advise that the Transportation Director has made his final decision regarding your appeal case.

The Board recommended to the Director, and he approved, an increase in the moving payment offer of $704.00 by $342.00 to $1,046.00 to include the cost of moving the items of personal property in storage to their permanent location. The Board did not recommend and the Director did not approve the requested $22,500.00 payment for purchasing a replacement dwelling, the requested $5,250.00 payment for tenant payment assistance, both due to there being no residential occupant in the building, payment for the personal property that could not be sold because the acquisition did not cause these items to lose value or payment for the underground storage tanks because they are located on the remainder and are not a relocation issue.

I wish to take this opportunity to thank you for presenting your case to the Board.

Yours very truly,

*Paul Bowlin*

Paul Bowlin
Right of Way Engineer

MJP
Cc:    Mr. Ronald L. Baldwin
       Mr. Fred Conway
       Mr. Frank Courson
       Mr. Randall A. Estes
       File (2)

IN THE CIRCUIT COURT OF MONTGOMERY COUNTY, ALABAMA

DANIEL W. MADISON and )
DONALD G. MADISON, )
 )
  Plaintiffs, )
 )
vs. )     CIVIL ACTION NO.: CV-2006-_____
 )
ALABAMA DEPARTMENT OF )
TRANSPORTATION, )
 )
  Defendant. )

## REQUEST FOR TRANSCRIPTION OF RECORD; NOTICE OF SECURITY FOR COST OF RECORD ON APPEAL

COME NOW the Plaintiffs/Appellants Daniel W. Madison and Donald G. Madison (hereinafter referred to as Plaintiffs/Appellants) and respectfully request that the record from the hearing conducted in Relocation Appeal Case Number 152 be transcribed from purposes of an appeal taken to the Circuit Court of Montgomery County, Alabama.

The undersigned, by their signatures below, hereby submit their signatures as security for cost for transcribing the Record on Appeal and transferring the same to the Circuit Court of Montgomery County, Alabama, in connection with this appeal.

Should the Alabama Department of Transportation fail and/or provide a reasonable sum as costs for security for transcription of the record and transfer of the same to Circuit Court including all exhibits offered in the hearing, then Plaintiffs/Appellants respectfully Move the Court to so order a reasonable security for cost for the transcript, the transferred exhibits and transcript of the Record on Appeal provided to the Circuit Court of Montgomery County, Alabama.

1

Respectfully submitted,


_Donald G. Madison_
DONALD G. MADISON


_Daniel W. Madison (by ___ with permission)_
DANIEL W. MADISON


## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been served upon Honorable Joe McInnis, Transportation Director and upon Paul Bowlin, Right of Way Engineer, Alabama Department of Transportation, 1409 Coliseum Boulevard, Montgomery, Alabama 36110, by depositing a copy of the same in the United States mail, postage prepaid, on this the 3rd day of February, 2006.

_Donald G. Madison_
DONALD G. MADISON


2