IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL W. MADISON and DONALD G. MADISON, | ) ) ) |
| Plaintiffs, | ) ) CASE NO. : 2:06CV- 199-WKW |
| V. | ) ) |
| ALABAMA DEPARTMENT OF TRANSPORTATION, | ) ) ) |
| Defendant. | ) |

**OBJECTION TO REMOVAL**

COMES NOW Daniel W. Madison (hereinafter referred to as Plaintiff DWM) and Donald G. Madison (hereinafter referred to as Plaintiff DGM), (both collectively referred to as Plaintiffs), and respectfully submit this, the Plaintiffs' Objection to Removal filed by the Alabama Department of Transportation (hereinafter referred to as Defendant) wherein the Defendant filed Notice with this Honorable Court of the Removal of the state court case, being Case Number CV-06-325 EWR, involving the above described parties. In support of this Objection, the Plaintiffs would, jointly and severally, show unto this Honorable Court, the following:

1.      That the Defendant failed to specify with particularity the constitutional grounds and/or federal question, if any, upon which the Defendant alleges removal jurisdiction. The Plaintiffs' appeal in the state court action involved an administrative appeal filed in the Circuit Court of Montgomery County, Alabama, from a state administrative hearing, denying Plaintiffs' entitlement to certain costs Plaintiffs alleged they were jointly and/or severally due as a result of the

condemnation action filed by the state wherein Plaintiffs' land was condemned by the state for the widening of Highway 331 South into four lanes.

The appeal does not deal with the wholly inadequate and seemingly unconstitutional and deficient payment that the state offered in condemning Plaintiffs' store property located on Highway 331 South, Montgomery County. That action is a separate action currently pending before the Circuit Court of Montgomery County, Alabama.

This appeal involves the denial after hearing of the Defendant's refusal to pay sufficient moving costs awardable; tenant relocation costs awardable under Title 18-4-6, <u>1975 Code of Alabama, as amended (Code)</u>; sufficient storage costs; replacement housing allowances under Title 18-4-5 <u>Code</u>; personal property removal; costs to remove remaining underground storage tanks (UDTs) left after the condemnation, which storage tanks were severed from the reality (fixtures) when the store building and gasoline pumps were demolished by the Defendant, its agents and/or contractors (the UDTs were left underground on remaining property of Plaintiffs not taken in the real property condemnation action), as well as other issues arising from the administrative hearing.

The issues of the administrative appeal all dealt with payments provided for, or which are eligible to be paid, under state law, as well as involved issues of interpretation of administrative review of state administrative actions by the Alabama Supreme Court (as to the issue of unbiased decision makers involved in the hearing process (i.e., *Stallworth v. City of Evergreen* 660 S02d 229 (Ala. 1996)).

2.   The Plaintiff objects to the Notice of Removal to the extent that the Defendant is attempting to obtain de novo review (i.e., review limited to administrative hearing record and evidence).

Additionally, Plaintiffs object as well as to the Notice of Removal filed by Defendant where the Defendant has not waived as a defense of Plaintiffs' exhaustion of administrative remedies (i.e. where the state typically objects to a Plaintiff's attempted removal to Federal Court of similar administrative appeals of administrative hearings prior to the other Plaintiffs' exercise of mandamus review of their administrative appeals in state circuit court proceedings).

3. That the burden is upon the Defendant to specify the federal question and/or substantial constitutional issue justifying removal jurisdiction. Therefore, the Plaintiffs respectfully Object to Removal of their state court administrative appeal which the Defendant is attempting to remove from the state court's jurisdiction through Defendant's Notice of Removal filed with this Honorable Court.

4. That based upon the above and foregoing, the Plaintiffs respectfully Move this Court to Remand this case after this Objection is heard by the Court.

WHEREFORE, THE PREMISES CONSIDERED, Plaintiffs, jointly and severally, pray that the attempted removal by Defendants be denied.

Respectfully submitted,

___S/ Donald G. Madison
DONALD G. MADISON, PRO SE
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511
E-mail: btjarvis1@bellsouth.net

                S/ Daniel W. Madison
                DANIEL W. MADISON, PRO SE

OF COUNSEL:
Donald G. Madison, Pro Se
Daniel W. Madison, Pro Se
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511

## **CERTIFICATE OF SERVICE**

  I hereby certify that on April 13, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Honorable Jim R. Ippolito, Jr. and Honorable Jason A. Trippe, Assistant Attorneys General, as well as depositing a copy of the same in the United States mail, postage prepaid, to their address of State of Alabama Department of Transportation, 1409 Coliseum Boulevard, Montgomery Alabama 36110 on this the 13th day of April, 2006.

                 S/ Donald G. Madison
                DONALD G. MADISON, PRO SE
                418 Scott Street
                Montgomery, Alabama 36104
                Telephone (334) 263-4800
                Facsimile  (334) 265-8511
                E-mail: btjarvis1@bellsouth.net