IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL W. MADISON and DONALD G. MADISON, | ) ) ) |
| Appellants/Plaintiffs, | ) ) |
| v. | ) ) CASE NO. 2:06-cv-199-WKW ) |
| ALABAMA DEPARTMENT OF TRANSPORTATION, | ) ) ) |
| Appellee/Defendant. | ) ) |

**BRIEF IN OPPOSITION TO MOTION TO REMAND**

Appellee/Defendant in the above-styled cause, the Alabama Department of Transportation (hereinafter "ALDOT"), files this brief pursuant to this Court's Order (Doc. No. 4) of April 18, 2006, in response to Appellants/Plaintiffs Motion to Remand (Doc. No. 2) and in further support of its Response to Plaintiffs' Objection to Removal (Doc. No. 3). ALDOT moves this Court to grant its request for removal and deny Appellants/Plaintiffs' Motion to Remand.

Appellants/Plaintiffs filed a "Notice of Appeal of Administrative Ruling" in the Circuit Court of Montgomery County, Alabama, on February 3, 2006, in which they sought reimbursement for relocation expenses involving their "business." In particular, Appellants/Plaintiffs sought compensation allegedly due for relocation and diminution in value, including tenant payment assistance, removal of personal property, moving expenses, legal fees and rent. (Doc. No. 1, Exhibit A.) The amount of compensation and relocation expenses appear to be the issue raised in Appellants/Plaintiffs' "Notice of Appeal of Administrative Ruling."

**FACTUAL AND PROCEDURAL BACKGROUND**

On or about February 3, 2006, Appellants/Plaintiffs filed a "Notice of Appeal of Administrative Ruling." (Doc. No. 1, Exhibit A.) ALDOT received the Notice on February 3, 2006. In the Notice, Appellants/Plaintiffs discussed the legal bases of their claims, arguing just compensation for the taking and relocation of their property. The Notice includes the following relocation assistance argument, which is governed by 42 U.S.C.A. § 4622 (2005):

> 3.   That the issues on appeal include, but are not limited to the following:
>
> a)   Failure to award diminution in value of personal property of Plaintiffs caused by the relocation where the State paid relocation storage only up to and through nine (9) months after the removal of Plaintiffs' personal property …
>
> b)   Failure to pay up to $22,500.00 in relocation payments for replacement dwelling for a business to the owners (both Plaintiffs).
>
> c)   Failure to pay up to $5,250.00 in tenant payment assistance.
>
> d)   Failure to pay or award costs connected to relocating …
>
> e)   Failure to pay for removal of personal property consisting of storage tanks remaining being items of personal property rendered useless and devalued by the taking (including diminution in value of the tanks as well).
>
> …
>
> i)   The award as to the amount of moving expenses as well …

In addition, Appellant/Plaintiffs' Notice of Appeal includes the following U.S. Constitutional arguments:

> 4. …The Alabama Department of Transportation acted as a defendant, as well as a hearing officer (judicial officer), in this case which violates principles announced by the Alabama Supreme Court … as well as violates Constitutional principles, due process notions of fair and impartial and unbiased decision-makers in administrative hearings.
>
> …
>
> (e)   That failure to pay the items set forth in paragraph 3 (a) through (i) above violate Federal Department of Transportation regulations pertaining to condemnations engaged in where federal funds are utilized.

    (f) That inverse condemnation is occurring with respect to personal property of the Plaintiffs/appellants resulting from the uncompensated takings and refusal to provide compensation of the items set forth in paragraph 3 (a) through (i) above.

    (g) That Fifth Amendment due process violations occur where there is a taking without compensation as applied to the state through the Fourteenth Amendment for failure to pay the above items…

ALDOT removed this case to this Court (Doc. No. 1) on March 2, 2006. Appellants/Plaintiffs filed an Objection to Removal (Doc. No. 2) on April 13, 2006. ALDOT filed its Response to Appellants/Plaintiffs' Objection to Removal (Doc. No. 3) on April 19, 2006. In its Petition for Removal and Response to Objection to Removal, ALDOT asserted that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1441(b), the Fifth Amendment to the United States Constitution, and the Uniform Relocation Act, 42 U.S.C.A. §§ 4601, *et seq.*, (2005).

## **ARGUMENT**

The issue before the Court is whether the Notice of Appeal states a federal cause of action. "The accepted rule in this circuit is that upon removal, the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented even if the plaintiff has couched his pleading exclusively in the term of state law. The reviewing court looks at the substance of the complaint, not the labels used in it." *Darden v. United Steel Corp.*, 1987 WL 109085 (N.D.Ala. February 6, 1987), citing *In re Carter*, 618 F.2d 1093, 1101 (5th Cir. 1980). In addition, when reviewing an appeal of an administrative ruling, the "focal point for judicial review should be the administrative record already in existence." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 (1985); *Preserve Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps.*, 87 F.3d 1242, 1246 (11th Cir.1996). Appellants/Plaintiffs' Notice of Appeal encompasses claims under the United States Constitution and the Uniform Relocation

Act. Therefore, the Notice of Appeal contains substantive issues that are within the jurisdiction of this Court.

In their Notice of Appeal, by seeking compensation through the Constitution and the United States Code, Appellants/Plaintiffs raise issues over which this Court has original jurisdiction. "Federal district courts have original jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.' " *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987), *citing* 28 U.S.C. § 1331. Appellants/Plaintiffs reference the Fifth and Fourteenth Amendments to the United States Constitution and argue that the compensation awarded for the relocation of their property violates the just compensation provisions of the Fifth Amendment. The Notice of Appeal seeks recovery (additional compensation) that the Appellants/Plaintiffs argue the State of Alabama should have provided pursuant to the Fourteenth Amendment to the U.S. Constitution. The project in question in this condemnation was aided by federal funds. (See Modification of Federal-Aid Project Agreement, attached hereto as "Defendant's Exhibit 1.") As such, "where the complaint, as here, is so drawn as to seek recovery directly under the Constitution or laws of the United States, the federal court … must entertain the suit." *Bell v. Hood*, 327 U.S. 678, 681-82. If the Constitutional issue is not clearly foreclosed, the jurisdiction of the district court is invoked even if the issue does not appear to be of serious moment. *Curtis v. Taylor*, 625 F.2d 645, 649-50 (5th Cir. 1980). Furthermore, Alabama law does not govern the issue of relocation assistance. Rather, the Alabama Code states that relocation assistance for projects of this type is governed by the federal Uniform Relocation Act. *See* ALA.CODE § 23-1-210 (1975).

Although Appellants/Plaintiffs did not specifically cite the U.S. Code in their "Notice of Appeal of Administrative Ruling," they seek review of ALDOT's actions taken pursuant to the

4

Uniform Relocation Assistance and Real Property Acquisition Act, 42 U.S.C. §§ 4601, *et seq.* (2005) (hereinafter "URA").[1] Therefore, this Court has jurisdiction over these claims under the Uniform Relocation Assistance portion of the URA. *See Barnhart v. Brinegar*, 362 F.Supp. 464 (W.D. Mo. 1973) (person who suffers legal wrong through an agency action is entitled to federal judicial review within the meaning of the statute); *Thompson v. Mobile Airport Authority*, 2000 WL 284266 (S.D.Ala. February 22, 2000). The legislative intent of the URA was to allow federal judicial review of relocation claims while barring review of claims under the real property acquisition prong of the Act. *Barnhart*, 362 F.Supp. at 471-473.

Appellants/Plaintiffs seek reimbursement for expenses related to the relocation of their business. The relocation expenses for the project in question were provided through federal funds pursuant to the URA. (See Property Map and Relocation Invoice, attached hereto as "Defendant's Exhibit 2.") Compensation for relocation expenses are governed by the Uniform Relocation Assistance Act (URA). The URA "establishes a uniform policy for the fair and equitable treatment of persons displaced as a direct result of programs or projects undertaken by a Federal agency or with Federal Financial Assistance." *See* 42 U.S.C. § 4621(b). "The overriding purpose of the URA is standardization of the benefits available to individuals displaced by federal projects." *Robzen's, Inc., v. Department of Housing and Urban Development*, 515 F.Supp. 228, 232 (M.D.Penn. 1981). The types of compensation Appellants/Plaintiffs seek are covered under the URA. (Doc. No. 1, Exhibit A). Section 4622(a) of the Act states that those displaced by a state agency may seek compensation for "(1) reasonable expenses in moving, (2) direct losses of tangible personal property, and

---

[1] 49 C.F.R. § 24 (2005) provides the framework for implementation of the URA. The rules were created to ensure fair treatment of those whose property was displaced through Federal programs, minimize litigation and to regulate implementation of the regulations by agencies. *See* 49 C.F.R. § 24.1. The term "agency" includes the state or state agency that "acquires real property or displaces a person." *See* 49 C.F.R. § 24.2.

5

(3) reasonable expenses in searching for a replacement farm or business." The URA is the only mechanism provided to property owners to address relocation expenses. Appellants/Plaintiffs do not have a remedy under Alabama law; therefore, they must seek compensation from the provided federal funds in this Court. *See* ALA.CODE § 23-1-210 (1975); *Barnhart*, 363 F.Supp. 464; and *Robzen's, Inc.,* 515 F.Supp. 228 at 233.

## CONCLUSION

Based on the Notice of Appeal, this case was properly removed pursuant to 28 U.S.C. § 1446(b), and this Court has subject matter jurisdiction under the Fifth and Fourteenth Amendments to the United states Constitution, the Uniform Relocation Act, 28 U.S.C. § 1331. Accordingly, Appellants/Plaintiffs' Motion to Remand is due to be denied.

        RESPECTFULLY SUBMITTED
        TROY KING
        ATTORNEY GENERAL

        s/ Jason A. Trippe
        Jim R. Ippolito, Jr. (IPP001)
        Assistant Attorney General
        Chief Counsel

        Jason A. Trippe (TRI012)
        Assistant Attorney General
        Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALABAMA
DIVISION

| | |
|---|---|
| DANIEL W. MADISON and DONALD G. MADISON, | )<br>)<br>) |
| Appellants/Plaintiffs, | ) |
| v. | )<br>) CASE NO. 2:06-cv-199-WKW<br>) |
| ALABAMA DEPARTMENT OF TRANSPORTATION, | )<br>)<br>) |
| Appellee/Defendant. | )<br>) |

**CERTIFICATE OF SERVICE**

I hereby certify that, on May 8, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Donald G. Madison, Esq.
418 Scott Street
Montgomery, Alabama  36104
ATTORNEY FOR PLAINTIFFS/APPELLANTS


        s/ Jason A. Trippe
        Jason A. Trippe (TRI012)
        Assistant Attorney General
        Assistant Counsel

ADDRESS OF COUNSEL:
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)