IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL W. MADISON and DONALD G. MADISON, | ) ) ) |
| Plaintiffs, | ) ) |
| V. | ) ) |
| ALABAMA DEPARTMENT OF TRANSPORTATION, | ) ) ) ) |
| Defendant. | ) |

CASE NO. : 2:06CV- 199-WKW

## MOTION TO STRIKE

COME NOW the Plaintiffs pursuant to Rule 12(f), *Federal Rules of Civil Procedure (FRCP),* and respectfully move this Honorable Court to strike the Motion for Leave to File Response to Plaintiffs' Reply Brief, as well as Defendant's Supplemental Response to the Plaintiffs' Reply Brief. In support hereof Plaintiffs, jointly and severally, would show unto this Honorable Court the following:

1.  The State, in its reply, states in essence that Title 18-4-4 includes in effect the only benefits payable under Title 18-4-1 et seq., and that those benefits are not available to be paid when payments are made pursuant to Title 23-1-210, 211 or 212. The only thing that said statutes state with respect to relocation assistance is that it clarifies that businesses or farms are included in entitlement to relocation assistance.

More specifically, Title 23-1-211 states that said payments are not to be considered compensation for real property acquired or compensation for damages to remaining property. Said provision clearly states that any payment made for relocation assistance is not to be joined with the

1

separate condemnation action based upon the just compensation payment (or lack thereof) which is currently being contested in the Circuit Court civil action.

Title 23-1-212 specifically authorizes the Director of the Department of Transportation to issue such regulations and procedures necessary to carry out the Federal Uniform Relocation Act subject to the Alabama Administrative Procedure Act, which Plaintiffs may have erroneously stated that the Notice of Appeal was filed pursuant to Administrative Procedures Act. No where does it state in Title 23-1-210-212 cited by Defendants that the United States Federal Court for the Middle District of Alabama is the appropriate jurisdictional forum for contest of State proceedings which incorporate provisions of the Federal Uniform Relocation Act.

The Defendants are picking and choosing the provisions of various acts upon which they attempt to pay or refuse to pay eligible cost recognized by the Federal Relocation Act under which the State Department of Transportation is bound when using Federal funds.

The Federal Uniform Relocation Act specifically contemplates that the states are to utilize their own procedures. Otherwise, the Federal courts would be subject to being inundated through every appeal of every condemnation case dealing with Federally funded roads, highways and/or bridges occurring throughout the nation. This is not what was intended by the Federal Uniform Relocation Act.

2.	The Relocation Assistance Program is an Alabama brochure provided by the Alabama Department of Transportation Bureau of Right-of-Way at the time that owners are approached concerning State condemnations of real property utilized for State highway needs. The Plaintiffs have relied upon said brochure in their dealings with the State from the commencement of this matter. On page one the ALDOT brochure states,

> "These benefits are being provided in order that suitable compensation and relocation assistance will be made available to those who are displaced for the benefit of the general public. The monetary payments described in this brochure shall be provided to all persons eligible therefor. Any person who moves from real property or moves his/her personal property from real property as a result of the acquisition of such real property, in whole or in part, may be eligible for the monetary payments described in this brochure."

It is the movement of the personal property from the premises caused by the condemnation and expenses related to said relocation which Plaintiffs seek. In fact, Plaintiffs cited the various payments to which the Plaintiffs would be eenttled as recognized by the Alabama Supreme Court in <u>Avery v. Marengo County Commission</u>, 646 So.2d 1347 (Ala. 1994) in their Reply Brief.

The State has consistently stated that the Plaintiffs are not entitled to any relocation benefits solely because of the fact that the structure torn down was not a residence used for a residential dwelling.

The State Relocation Brochure refutes the State's position as to Plaintiffs' ineligibility for payment of the relocation costs which Plaintiffs seek. The representations made by the State in the brochure upon which the Plaintiffs have relied are "Part 2 Moving and Related Expenses Payments", pages 3 and 4. Page 4 of the brochure states that businesses are entitled to receive under the "Who May Receive Moving Costs" question. Section B at the bottom of page 4 states that actual moving costs are allowable. Page 5, under the heading "Storage and Temporary Lodging Costs", the brochure states that the State will pay storage costs, "<u>Not to exceed 12 months</u>" for storing of the personal property pending location of replacement property.

In the case of the Plaintiffs, the State only paid 9 months and refused to pay beyond the 9 months. This is evidenced by the letter of J. Robert Faulk, Esquire, attached hereto as Exhibit A. Because the State has failed to live up to the representations made in its brochure the Plaintiffs have

3

been required to pay the 3 months over and above the 9 months which the State was permitted to pay Plaintiffs have actually paid 4 payments with their fifth payment now due for storage, the 4 payments already having been paid for January through April being in the sum of $2,376.00. (Please see Exhibit B attached hereto.)

The storage payments being paid by the Plaintiffs are rapidly depleting the value of the equipment being stored if not already exceeding the same based upon what has now become a forced sale situation, as a result of the State's actions in this case.

Paragraph 6 of the ALDOT brochure specifically refers to non-residential moves. At the bottom of page 6 and continuing onto page 7 of the brochure are the ineligible moving and related costs or expenses. It should be noted that none of the payments which Plaintiffs are seeking fall within the specifically excluded expenses stated therein.

Right below the excluded costs in the section on page 7, "What About Personal Property Which is Not Moved to the New Site?", the second paragraph thereof states "However, non-residential displacees may receive a payment for loss of tangible personal property when personal property will not be moved. A tangible loss payment requires a bona fide effort to sell the items that costs of affecting the sale may be reimbursed...."

Evidence concerning the attempts to sell the equipment was offered at the Administrative Hearing which is part of the record, which record has not yet been produced by the State (the State has the benefit of the record, but the Plaintiffs do not yet have benefit of the record because the State has not provided the same).

Directly below that paragraph on page 7, "What About Expenses Incurred While Searching for Replacement Business", it refers to other expenses which are eligible for a displaced business.

4

Page 8 describes how to obtain the actual moving expenses. The section that follows is entitled, "What About A Self Move for Non-Residential Occupants"

Both of the Plaintiffs moved equipment on their own which was not paid for by the State. Neither of the Plaintiffs have received any compensation yet for the self-moved items. Both Plaintiffs moved a substantial amount of items including the removal of some items from the store which had to be taken and disposed of to a 'freon accepting" dump.

The Plaintiff Donald G. Madison moved his legal files and incurred expenses in moving said legal files to the location where the State paid the rent for. However, no payment has been received for moving of said items which time period now exceeds over a year. The State causes one to incur the expenses and then fights you to refuse to pay those expenses or to compensate you reasonably for the same. This borders on a fraudulent inducement. Some of the items which Plaintiffs were required to remove themselves were moved because the moving company hired by the Defendant refused to move certain items alleging that they were flammable or involved flammable substances (i.e, kerosene, kerosene pumps and storage tanks).

3. Section E on pages 12 and 13 of the brochure refers to re-establishment expenses for businesses, which provides for payment for actual and reasonable necessary moving and related expenses in addition to actual reasonable and necessary moving and related expenses. The items that are reimbursable there are utility hook-ups, feasibility surveys, licensing fees and permits, professional services in connection with purchase or release of replacement cite, increased cost of operation.

4. Provision is made for payment of $5,250.00 for a down payment to be made to rent replacement dwellings. Furthermore, a tenant is ineligible to receive the payment not to exceed

$5,250.00 to rent a replacement dwelling or make a down payment on an incidental purchase for replacement dwelling. Part 4, paragraph 23, provides for reimbursement of the recording costs which were sought by Plaintiffs. Part 5, page 23 pertains to the right to appeal and appeal procedures. No where does it state that the appeal has to be filed in Federal Court and specifically does not include what one's appeal rights are after the hearing with the division engineer. The replacement dwelling section, while seemingly applying to residences, defines partnership, corporation and business as displaced persons.

The ALDOT and legislation appears to attempt to limit the replacement housing payments to dwellings; however, the quotations of the Avery v. Marengo County Commission case cited in pages 6 and 7 of the Plaintiffs' Reply Brief clearly state the eligible costs under the Uniform Federal Relocation Act to which the Plaintiffs are entitled. These same costs are the same which are payable by the State to the residential dweller.

5.  If Plaintiffs are forced to pay various expenses which they are having to incur solely as a result of the condemnation action taken by the State against them in Federally funded project, more particularly in this case, the loss of value of the personal property, and the failure of the State to pay for the removal of underground storage tanks (UST) remaining on the property not taken[1] after their severance from the building (the building having already been destroyed and removed, thereby making the storage tanks personal property as being severed from the fixtures) cause a direct and prejudicial decrease of the already frivolous offer that was made for purchase of the improvements themselves (the store building and land) which is the subject of the civil action in Montgomery

---

[1] The condemned property was not all of the tract of land condemned, there being a part remaining; the UST tanks remaining (not taken) are almost touching the part taken/condemned.

6

County, Alabama.

This would result in an inverse condemnation which would create a constitutional issue on behalf of Plaintiffs. However, that issue would be more appropriately tried with the condemnation action in Circuit Court and not in this action for the relocation assistance payments.

The equipment's fair market value was over $10,000.00. Already the Plaintiffs have paid $2,376.00 in storage fees with another $594.00 plus currently due for May, 2006. The Plaintiffs have been unable to sell the equipment which is requiring the on-going storage costs. The payments made for storage now by the Plaintiffs likely exceed any forced sale value which the Plaintiffs will be left with now as fair market value will not be achievable with the equipment in storage and not set up. Therefore, one can deduct in excess of $10,000.00 from the condemnation award as well as the on-going costs paid by Plaintiffs for storage to see the impact on the frivolous $36,000.00 payment which the State offered for the land and building which formerly housed the equipment and files of Plaintiffs. The impact for refusal to pay relocation costs shall have a direct impact on the condemnation award,

6.  Finally, no payment has been made to the Plaintiffs until Title 23-1-210 or of the other provisions. If there are any rules and/or regulations which have been enacted pursuant to 23-1-212, the State thus far has failed to provide the same other than the Relocation Assistance Brochure. This is notwithstanding that 23-1-212 specifically requires the DOT to incorporate theUniform Relocation Act provisions in Federally funded projects.

The Federal Act contemplates actions disputing State payment on State highway projects utilizing Federal funds to be pursued in the State Court, not Federal Court. The Act does not contemplate Federal Court jurisdiction except in those case which are strictly Federal in nature and

do not involve supplementation of State highway projects funded in part with Federal funds.

BASED UPON THE ABOVE AND FOREGOING, the Plaintiffs would respectfully move this Honorable Court to strike the Defendant's Response to the Plaintiffs' Reply Brief pursuant to Rule 12(f), *FRCP*. The Code sections 23-1-210 through 212 provide no further clarification of the issues in this case other than the one reference which the Alabama Administrative Procedures Act possibly does not apply if funds are paid through this Section, which funds have not yet been paid to the Plaintiffs in this case.

Respectfully submitted,

S/ Donald G. Madison
DONALD G. MADISON, PRO SE
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511
E-mail: btjarvis1@bellsouth.net

S/ Daniel W. Madison
DANIEL W. MADISON, PRO SE

OF COUNSEL:
Donald G. Madison, Pro Se
Daniel W. Madison, Pro Se
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile (334) 265-8511

8

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 22, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following: Honorable Jim R. Ippolito, Jr. and Honorable Jason A. Trippe, Assistant Attorneys General, as well as depositing a copy of the same in the United States mail, postage prepaid, to their address of State of Alabama Department of Transportation, 1409 Coliseum Boulevard, Montgomery Alabama 36110 on this the 22nd day of May, 2006.

       S/ Donald G. Madison
DONALD G. MADISON, PRO SE
418 Scott Street
Montgomery, Alabama 36104
Telephone (334) 263-4800
Facsimile  (334) 265-8511
E-mail: btjarvis1@bellsouth.net