# MCDOWELL, FAULK & MCDOWELL, L.L.C.

### ATTORNEYS AT LAW
### 145 WEST MAIN STREET
### PRATTVILLE, ALABAMA 36067

J. ROBERT FAULK
DAVID A. MCDOWELL

TELEPHONE
(334) 365-5924

JOY PACE BOOTH

FACSIMILE
(334) 365-6016

THERON O. MCDOWEL, JR.
(1930 - 2002)

October 4, 2005

Robert@McDowellFaulk.com
David@McDowellFaulk.com
Joy@McDowellFaulk.com

(VIA FAX 241-8533 & REGULAR MAIL)

Mr. Tom Hall
Right-of-Way Engineer
Department of Transportation
Post Office Box 8008
Montgomery, Alabama 36110-8008

    Re:    Project No. NHF-336(8)
            Tracts 6-B
            Our File #96-429.RE

Dear Mr. Hall:

    I spoke with Mr. Don Madison concerning his plans for his "equipment." He states that the building under construction will only be used for his law files. According to Mr. Madison, he intends to sell the "equipment" as soon as he obtains a buyer. He states that he has tried to market the equipment, but has been unable to obtain a buyer. He states that he understands that he will have to find alternate storage on his own at the end of the requested three month extension.

            Sincerely yours,

            J. Robert Faulk

cc:    Candi Kyser
        Don Madison (265-8511)



PLAINTIFF'S
EXHIBIT

A

DONALD G. MADISON

ATTORNEY AT LAW

418 SCOTT STREET

MONTGOMERY, ALABAMA 36104

TELEPHONE 334/263-4800

FACSIMILE 334/265-8511

3-10-06

Attn: Brenda
Armstrong Relocation   5414 Lomco St
                       Montgomery AL 36117

RE: Madison Equipment

Dear Brenda:

Per my conversation with Ernie, I have enclosed
a check in the amount of $1188.00 representing the
storage fees for January and February 2006 for the
equipment owned by my brother and me which was
removed from Madison store as a result of the
State condemnation.

Thank you

Sincerely,
Don Madison



PLAINTIFF'S
EXHIBIT
B

DONALD G MADISON
ATTORNEY AT LAW
Escrow Account
418 Scott St Ph (334) 263-4800
Montgomery, AL 36104

5176
61-580/620

Date _3-10-06_

Pay to the
Order of _Armstrong Relocation_                                    $ 1188 00

One thousand one hundred eighty eight dollars & no cents _____ Dollars

REGIONS 🔺
BANK _Jan & Feb 2006_

Storage fees
For _Madison Equipment Store & most equip (cnf)_      _Donald G Madison_

⑈005176⑈ ⑊062005690⑊ 02  1119  9642⑈

G. MADISON
ATTORNEY AT LAW
418 SCOTT STREET
MONTGOMERY, ALABAMA 36104

TELEPHONE 334/263-4800

FACSIMILE 334/

5-19-06

Attn: Brenda
    Armstrong Relocation
        5414 Lamco Street
        Montgomery AL 36117

        RE: Enclosure of rental check for storage of Madison Equipment

Dear Brenda:

    Please find enclosed a check in the amount of $1188.00
representing the March and April 2006 rental payment.

    Thank you

                                        Sincerely,
                                        Don Madison

DONALD G MADISON
ATTORNEY AT LAW
Escrow Account
418 Scott St  Ph (334) 263-4800
Montgomery, AL 36104

5278
61-569/620

Date 5-19-06

Pay to the
Order of  Armstrong Relocation                                    $ 1188⁰⁰

one thousand one hundred eighty eight dollars & no cents                    Dollars

REGIONS △
BANK

March & April 2006 rent

For Madison Equipment grocery & Meat equipment        Donald A Madison

⑈005278⑈ ⑆062005690⑆ 02 1119 9642⑈

# The Relocation Assistance Program
## in
## Alabama



# ALABAMA
# DEPARTMENT OF TRANSPORTATION

# BUREAU OF RIGHT OF WAY



PLAINTIFF'S
EXHIBIT

C

Inspection and Monitoring

The displaced person must permit the Department to make reasonable and timely inspections of the personal property at both the displacement and replacement sites and to monitor the move where it is reasonable to do so. Nonresidential displacees must provide the Department seven (7) days advance written notice of the approximate date of the start of the move or disposition of the personal property. To aid you the Department will provide a self-addressed, stamped postcard to be returned to the Division office not later than seven days prior to the move.

The Department is to obtain, prior to the move, an inventory of the personal property to be moved and also that which is to be sold and/or not moved by the relocatee. Such inventory may be prepared by you and a personal inspection and verification of such items then made by the Department; or, in case you do not furnish such inventory, it will be necessary for the Department to prepare one.

Nonresidential Moves - Reimbursable moving expenses include:

1.  Reasonable and necessary costs of packing, crating, unpacking and uncrating of the personal property. Disconnecting, dismantling, removing, reassembling and reinstalling relocated machinery, equipment and other personal property and substitute personal property. This includes connection to utilities available nearby. It also includes modifications to the personal property necessary to adapt it to the replacement structure, the replacement site or the utilities at the replacement site and modifications necessary to adapt the utilities at the replacement site to the personal property. (Expenses for providing utilities from the right of way to the building or improvements are excluded from moving expenses, except as provided in Section E.)

2.  Any license, permit or certification required of the displaced person at the replacement location. However, the payment may be based on the remaining useful life of the existing license, permit or certification.

3.  Reasonable costs of professional services necessary for planning the move of the personal property, moving the personal property and installing the relocated personal property at the replacement location.

4.  Relettering signs and replacing stationery on hand at the time of displacement that is made obsolete as a result of the move.

Other Expenses

Any other moving related expenses that are not listed as ineligible and the Department determines to be reasonable and necessary.

Ineligible Moving and Related Expenses - The following expenses are considered ineligible as "actual moving expenses":

1.  Additional operating expenses of a business, farm or nonprofit organization incurred because of operating in a new location;

-6-

2.  Cost of moving structures, improvements or other real property in which the displaced person reserved ownership;

3.  Improvements or physical changes to the real property at the replacement site except modifications to the personal property necessary to adapt it to the replacement structure, the replacement site or the utilities at the replacement site, and modifications necessary to adapt the utilities at the replacement site to the personal property;

4.  Interest on loans to cover moving expenses;

5.  Loss of goodwill;

6.  Loss of trained employees;

7.  Loss of business and/or profits;

8.  Personal injury;

9.  Any legal fee or other cost of preparing the application or claim for moving and related expenses, a relocation payment, or for representing the claimant before the Department or Appeals Board;

10. Payment for search cost in connection with locating a replacement dwelling; or

11. Costs for storage of personal property on real property owned or leased by the displaced person.

What About Personal Property Which is not Moved to the New Site?

Individuals and families are not eligible for reimbursement for the moving cost of personal property which is not moved to the new site.

However, nonresidential displacees may receive a payment for loss of tangible personal property when personal property will not be moved. A tangible loss payment requires a bona fide effort to sell the item(s) but costs of effecting the sale may be reimbursed. Please consult your Right-of-Way agent for details.

What About Expenses Incurred While Searching for a Replacement Business, Farm Operation or Nonprofit Organization?

As owner of a displaced business, farm operation or nonprofit organization, you may be reimbursed for the actual reasonable expenses in searching for a replacement business or farm operation not to exceed $1000. Such expenses may include transportation expenses, meals, lodging away from home and the reasonable salary or earnings of time actually spent in search, including the fees of real estate agents or real estate brokers to locate the site exclusive of any fees or commissions related to the purchase of such site. Documentation required for searching expenses includes:

Receipted Bills - All expenses claimed except value of time actually spent in search must be supported by original receipted bills.

Time Spent in Search - Payment for a person(s)' time actually spent in search must be documented and the hourly wage rate must be reasonable. A certified statement of the dates and hours spent searching including places visited and persons contacted must accompany your claim. The mileage rate will be the rate allowed by the Internal Revenue Service for tax purposes.

## What About Advertising Signs?

Owners of advertising signs may receive actual reasonable and necessary expenses for moving advertising signs in the same manner as owners of businesses or farm operations. If the cost of moving a sign is greater than its value as determined by the Department, the Department may purchase the sign.

In addition, you may receive any actual direct loss when you are entitled to relocate a sign but choose not to do so. The amount you may be reimbursed will be the lesser of the depreciated reproduction cost of the sign as determined by the Department less the proceeds from its sale, or the estimated cost of moving the sign but with no allowance for storage.

You may also be reimbursed for your actual reasonable expenses in searching for a replacement sign site, not to exceed $1000, in the same manner as described for owners of businesses or farm operations.

Owners of advertising signs are not eligible for the optional fixed moving payment.

## How to Obtain Actual Moving Expense Payment

In order to obtain an actual moving expense payment, the displaced person must file a written application with the Department on a form which will be provided by the Department. The Department will review your application and, if acceptable, will advise you of such and to proceed with the move.

Actual moving expenses must be reasonable and necessary and must be supported by original receipted bills or other evidence of expenses incurred and any required inventories. After you have paid the mover, you should complete the claim form which will be furnished you, attach your receipt(s) of payment(s) and/or other evidence of expenses incurred, and an inventory of the items actually moved. The initial inventory may be used for this purpose if additions and deletions to the inventory are clearly shown and the revised inventory is recertified and dated.

## What About a Self-Move for Nonresidential Occupants?

1. When the Department can obtain two acceptable bids from qualified moving firms and/or qualified specialists, or qualified staff persons based on the inventory list, a displaced nonresidential occupant may be paid an amount equal to the low bid or estimate without negotiation. When circumstances warrant, the Department may negotiate a lower amount not to exceed the lower of the two acceptable bids or estimates.

2. If such bids or estimates cannot be obtained or if circumstances (such as large fluctuations in inventory) prevent reasonable bidding in the

-8-

## What if the Business or Farm Operation is less than Two Years Old?

If the business or farm was not in operation for the full two taxable years prior to displacement, net earnings shall be based on the actual period of operation at the displacment site during the two taxable years prior to displacement projected to an annual rate. Average net earnings may be based upon a different period of time when the agency determines it to be more equitable. Net earnings include any compensation obtained from the business or farm operation by its owner, the owner's spouse and dependents. A taxable year is any 12-month period used by a business or farm operation in filing income tax returns.

## Required Documentation for Optional Fixed Relocation Payment

In order to be eligible for the optional fixed relocation payment, the business or farm operation must provide information to support net earnings, except when net earnings do not exceed $1000, by voluntary submission of Federal and/or State income tax returns filed by the business and its owner, his spouse and his dependents; and the farm operation, its owner, his spouse and his dependents for the tax years involved. In lieu of income tax returns, the business or farm operation may submit to the Department a financial statement covering the two-year period prepared and certified to by a qualified public accountant or an affidavit stating the net earnings of the owner, providing it grants the Department the right to review the records and accounts of the business or farm operation. A "compilation" is not acceptable.

For nonprofit organizations, the monetary receipts and expense amounts may be verified with certified financial statements or financial documents required by public agencies. Again, a "compilation" is not acceptable.

## How to Obtain the Optional Fixed Relocation Payment

In order to obtain this payment, the displaced business or farm operation must file a written application with the Department on a form which will be provided by the Department.

If your average annual net earnings exceed $1000, you must submit with your application your income tax returns covering the two-year period or a certified financial statement covering the two-year period. The Department will then determine the amount to which you are entitled and will give you a claim form authorizing this set amount. You may then make your move and complete the claim form and mail or deliver this to the Department.

## Section E - Reestablishment Expenses
### Business, Farm Operation and Nonprofit Organization

## Reestablishment Expenses - Nonresidential Moves

In addition to actual reasonable and necessary moving and related expenses, a small business (as defined in PART VI of this brochure), farm or nonprofit organization is entitled to receive a payment, not to exceed $10,000, for reasonable and necessary expenses actually incurred in relocating and reestablishing such small business, farm or nonprofit organization at a replacement site.

-12-

## What is Eligible?

Reestablishment expenses must be reasonable and necessary as determined by the State. They may include, but are not limited to, the following.

1. Repairs or improvements to the replacement real property as required by federal, state or local law, code or ordinance.

2. Modifications to the replacement property to accommodate the business operation or make replacement structures suitable for conducting the business.

3. Construction and installation costs for exterior signing to advertise the business.

4. Provision of utilities from right of way to improvements on the replacement site.

5. Redecoration or replacement of soiled or worn surfaces at the replacement site, such as paint, paneling or carpeting.

6. Licenses, fees and permits when not paid as part of moving expense.

7. Feasibility surveys, soil testing and marketing studies.

8. Advertisement of replacement location.

9. Professional services in connection with the purchase or lease of a replacement site.

10. Estimated increased costs of operation during the first two years at the replacement site for such items as:

    a. Lease or rental charges;

    b. Personal or real property taxes;

    c. Insurance premiums; and

    d. Utility charges, excluding impact fees.

11. Impact fees or one-time assessments for anticipated heavy utility usage.

12. Other items that the State considers essential to the reestablishment of the business.

## What is not Eligible?

The following is a nonexclusive listing of reestablishment expenditures not considered to be reasonable, necessary or otherwise eligible.

1. Purchase of capital assets, such as office furniture, filing cabinets, machinery or trade fixtures.

-13-

Occupants of mobile homes must meet the same eligibility requirements for replacement housing payments as set forth for occupants of dwellings.

The various choices and combination of payments are too numerous to list; however, occupants of mobile homes will be contacted and advised of the choices, amounts and procedures to claim moving costs and replacement housing payments.

## PART IV - INCIDENTAL EXPENSES ON TRANSFER
## OF REAL PROPERTY TO THE STATE

### Reimbursable Expenses

Owners of real property acquired for a highway project are entitled to receive reimbursement for reasonable and necessary expenses incurred in transferring such property to the Department. Such expenses may include: (1) recording fees, transfer taxes, documentary stamps, evidence of title, boundary surveys, legal descriptions of the real property and any similar expenses incidental to conveying such property (the Department is not required to pay costs solely required to perfect the owner's title to the real property); (2) penalty costs for prepayment of any preexisting mortgage entered into in good faith encumbering such real property if such mortgage is on record or has been filed for record under applicable state law; and (3) the pro rata portion of real property taxes paid which are allocable to a period subsequent to the date of vesting of title in the Department or the effective date of possession by the Department, whichever is earlier. A refund of the pro rata portion of taxes paid will not be made if the amount of refund due is less than $5.

As an owner of real property acquired, you may file a written appeal in any case in which you believe the Department has failed to properly determine your eligibility for or the amount of a payment of incidental transfer expenses. The Department shall consider a written appeal regardless of form and the appeal shall be heard in accordance with procedures set forth in PART V of this brochure.

## PART V - RIGHT TO APPEAL AND APPEAL PROCEDURES

### What if a Person is Denied a Payment or Believes it Should be Greater?

As an applicant for a relocation payment, you shall be notified promptly in writing concerning your eligibility for the payment claimed; the amount, if any, you are entitled to receive; and the time and manner in which such payment will be made. If the Department disapproves all or part of a payment claimed or refuses to consider the claim on its merits because of untimely filing or other grounds, it shall promptly notify you in writing of its determination, the basis for its determination and the procedures for appealing that determination.

### Actions Which May be Appealed

You may file a written appeal with the Department in any case in which you believe that the Department has failed to properly determine your eligibility for or the amount of incidental expenses on transfer of real property (set forth in PART IV), litigation expenses of an owner of real property or a relocation payment.

-23-

Time Limit for Filing Appeal

The time limit for filing an appeal is 60 days from the date you receive written notification of the Department's determination on your eligibility or amount of payment.

Appeal Form

The Department will consider a written appeal regardless of form. However, an appeal form is available for your use. Your appeal should set forth therein the facts and reasons you believe you are eligible, if you were ruled ineligible, or why you believe you should receive a payment or greater payment. Any pertinent documents and information should be attached to your appeal and mailed or delivered to the Division Engineer in your area. The Division Engineer will promptly forward the relocation appeal to the Engineer, Bureau of Right of Way, Montgomery, AL.

## PART VI - DEFINITIONS

As used in this brochure, the following words and terms shall have the following meanings unless the context clearly indicates another meaning or different intent:

1.  Displaced Person - Any individual, family, partnership, corporation or association who moves his or her personal property from the real property:

    a.  As a direct result of the Department's acquisition of such real property in whole or in part for a project and includes anyone who moves as the result of a written notice of intent to acquire, or the initiation of negotiations; or

    b.  As a result of a written order from the Department to vacate such property for the project.

    "Acquisition" means the time at which the Department obtains legal possession of the real property at the closing of the transaction or the date of payment of the award into court.

2.  Initiation of Negotiations for the Tract - The delivery of the initial written offer to the owner of the real property, or his representative, of the amount determined to be just compensation for the property to be acquired. Where a person moves after the Department issues a notice of intent to acquire real property, but before delivery of the initial written purchase offer, the "initiation of negotiations" is the date the person moves.

3.  Dwelling - The place of permanent or customary and usual residence. It includes a single-family house; a one-family unit in a multi-family building or multi-purpose property; a unit of a condominium or cooperative housing project; a nonhousekeeping unit; or any other residential unit, including a mobile home.

4.  Business - Any lawful activity, excepting a farm operation, conducted primarily:

EXHIBIT D

## EQUIPMENT MOVED BY THE MADISONS

1.   Sharp Microwave
2.   Bunn VPR Series Coffeemaker
3.   Post Office Box Letter Holder 3' x 4' x 3'
4.   2' x 4' Aquarium/Minnow Tank
5.   4 Boxes Bait and Tackle (2' x 4' Boxes)
6.   21 Legal Size Boxes of Files
7.   28 Banker Boxes of Files
8.   15 Bicycles
9.   10 x 20 Roll of Berber Carpet
10.  3 Doors
11.  20 Miscellaneous Boxes
12.  5 Horse Power Tiller
13.  70 lbs. Lazy Boy
14.  Roof Panels
15.  1 Stereo/2 Compartments
16.  2 Rolls Roofing
17.  2 Queen Mattresses
18.  1 Marlboro Sign
19.  1 Chest of Drawers
20.  2' x 3' Hot Dog Cooker
21.  1 Lawn Mower
22.  1 Pineapple Slicer
23.  2 Kerosene Tanks & Pumps 2 x 4
24.  3 Doors
25.  200 lbs. Air Compressor



PLAINTIFF'S
EXHIBIT
tabbies
D

### ARTICLE 8A

### RELOCATION ASSISTANCE

### § 23-1-210. Generally.

When any department, agency or instrumentality of the state, or any county, municipality or other political subdivision or any other public or private entity subject to the provisions of the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970, as amended, Public Law 91-646 and 100-17, hereinafter referred to as the federal Uniform Relocation Act, undertakes any project which results in the acquisition of real property or in any person or persons being displaced from their homes, businesses or farms such state department, agency or instrumentality, county, municipality or other political subdivision, or other public or private entity is hereby authorized to provide relocation assistance, and to make relocation payments to such displaced person and to do such other acts and follow such procedures and practices as may be necessary to comply with the provisions of the federal Uniform Relocation Act.

History. Acts 1989, No. 89-522.

### § 23-1-211. Purpose.

Any payment made or to be made under the authority granted by this article shall be for compensating or reimbursing the displaced person or owner of real property in accordance with the requirements of the federal Uniform Relocation Act and such payments shall not for any purpose be deemed or considered compensation for real property acquired or compensation for damages to remaining property.

History. Acts 1989, No. 89-522.

### § 23-1-212. Rules and regulations.

The Director of the State Department of Transportation is hereby authorized to issue such regulations and procedures determined to be necessary or appropriate to carry out this article and the federal Uniform Relocation Act being subject to change at any time, such regulations and procedures will not be subject to the Alabama Administrative Procedure Act.

History. Acts 1989, No. 89-522.


PLAINTIFF'S EXHIBIT
E