IN THE UNITED STATES DISTRICT COURT FOR THE
MIDLLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL W. MADISON and DONALD G. MADISON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ALABAMA DEPARTMENT OF TRANSPORTATION, | ) ) ) ) |
| Defendant. | ) ) |

CASE NO. 2:06-cv-199-WKW

**DEFENDANT'S RESPONSE TO PLAINTIFFS' REPLY BRIEF TO DEFENDANT'S REPLY BRIEF IN OPPOSITION TO REMAND**

Plaintiffs, in their Reply Brief (Doc No. 6) to Defendant's Brief in Opposition to Remand (Doc. No. 5), misstate and misapply Alabama law to the issues presented by their Notice of Appeal of Administrative Ruling and the Alabama Department of Transportation's (hereinafter "ALDOT") Notice of Removal. Defendants contend that "[t]he proceedings before ADOT were grounded on § 18-4-1 through 18-4-17, *et seq.*, 1975 Code of Alabama, as Amended." Plaintiffs argue that Alabama state law governs the relocation assistance at issue in this cause. This argument is without merit and is not supported by these Alabama Code sections.

First, ALA.CODE §§ 18-4-1 through 18-4-17 (1975) do not apply to ALDOT. ALA.CODE § 18-4-4(b) (1975) states that "[t]his chapter shall not apply to the Alabama Department of Transportation if the Department is required to provide relocation assistance pursuant to Sections 23-1-210, 23-1-211, and 23-1-212." ALDOT is the sole state agency involved in the payment of relocation assistance to Plaintiffs. Therefore, because ALDOT provided relocation assistance, the Code sections cited by Plaintiffs do not provide a statutory basis for their claims.

This road construction project received federal funds and, therefore, relocation assistance was provided pursuant to Title 23 of the Alabama Code. (See Defendant's Brief in Opposition to Remand, Doc. No. 5). ALA.CODE § 23-1-210 (1975) provides that relocation payments for road construction projects, such as the one at issue, are governed by the federal Uniform Relocation Assistance and Real Property Acquisition Policies Act of 1970 ("URA"). As discussed in ALDOT's Brief in Opposition to Remand, this project was subject to the URA and, therefore, this Court has jurisdiction over any claims relating to the payment of relocation expenses.[1]

Plaintiffs also contend that they "filed their appeal in the Circuit Court of Montgomery, County, Alabama, in accordance with the Alabama Administrative Procedures Act, Title 41-22-20." (Doc. No. 6.) However, the Alabama Administrative Procedure Act does not apply to the present issues. As previously noted, Title 23, not Title 18, of the Alabama Code applies to the relocation assistance in question in the present case. The federal relocation assistance provided by ALDOT pursuant to the URA does not afford Plaintiffs a state-court appeal. ALA.CODE § 23-1-212 (1975) states that the "Director of the State Department of Transportation is hereby authorized to issue such regulations and procedures determined to be necessary or appropriate to carry out this article and the federal Uniform Relocation Act being subject to change at any time, *such regulations and procedures will not be subject to the Alabama Administrative Procedure Act*." (Emphasis added.) Plaintiffs appealed their relocation award through federally allowed

---

[1]In addition, assuming that Code §§ 18-4-1, *et seq.*, did apply to the present issues, Plaintiffs' property is non-residential and, therefore, does not qualify under these code sections. ALA.CODE §§ 18-4-1 through 18-4-17 (1975) do not apply to Plaintiffs' property because it is not residential property. ALA.CODE § 18-4-3(a) (1975) states that the "Legislature declares that this chapter shall be applicable only to acquisition of real property owned and occupied by the owner *as a resident* … " (emphasis added), and § 18-4-3(b)(1) states that "[t]he purpose of this chapter is to establish a uniform policy for the fair and equitable treatment of persons displaced from their *residences* as a result of programs or projects involving the acquisition of real property…." (Emphasis added.) Plaintiffs have not alleged that ALDOT failed to provide relocation expenses for a residence. Rather, Plaintiffs admit in their Notice of Appeal of Administrative Ruling that the property for which they seek additional relocation assistance is non-residential. (See Exhibit A to Doc. No. 1.)

procedures and received additional relocation compensation. Therefore, because ALA.CODE § 23-1-212 (1975) does not provide Plaintiffs the right to appeal, the Alabama courts do not have jurisdiction over this matter.

Plaintiffs have no right to appeal this cause in state court. As discussed in ALDOT's Brief in Opposition to Remand, this Court is the proper venue for these federal issues. (See Doc. No. 5.)

        RESPECTFULLY SUBMITTED
        TROY KING
        ATTORNEY GENERAL

        s/ Jason A. Trippe
        Jim R. Ippolito, Jr. (IPP001)
        Assistant Attorney General
        Chief Counsel

        Jason A. Trippe (TRI012)
        Assistant Attorney General
        Assistant Counsel

**ADDRESS OF COUNSEL:**
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama  36110
Telephone:  (334) 242-6350
Facsimile:  (334) 264-4359

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF ALABAMA
DIVISION

| | |
|---|---|
| DANIEL W. MADISON and DONALD G. MADISON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) |
| ALABAMA DEPARTMENT OF TRANSPORTATION, | ) ) ) |
| Defendant. | ) ) |

CASE NO. 2:06-cv-199-WKW

## CERTIFICATE OF SERVICE

I hereby certify that, on August 11, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECT system, which will send notification to the following:

Mr. Donald G. Madison, Esq.
418 Scott Street
Montgomery, Alabama 36104
ATTORNEY FOR PLAINTIFFS


s/ Jason A. Trippe
Jason A. Trippe (TRI012)
Assistant Attorney General
Assistant Counsel

ADDRESS OF COUNSEL:
State of Alabama Department of Transportation
1409 Coliseum Boulevard
Montgomery, Alabama 36110
(334) 242-6350 (office)
(334) 264-4359 (facsimile)