IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DANIEL W. MADISON, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | CASE NO. 2:06-cv-199-WKW |
| ) | |
| ALABAMA DEPARTMENT OF ) | |
| TRANSPORTATION, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is the defendant's Objection to Removal (Doc. # 2), which the court construes as a motion to remand this action to state court. For the reasons that follow, the motion is due to be GRANTED.

**I. FACTS AND PROCEDURAL HISTORY**

On January 30, 2006, the Alabama Department of Transportation ("ALDOT") issued an administrative ruling in a relocation matter that was unfavorable to the plaintiffs. On February 3, 2006, the plaintiffs filed their Notice of Appeal of the administrative ruling in the Montgomery County Circuit Court. They allege that ALDOT's decision failed to address various sums of money for relocation expenses, pro rata property taxes, legal fees, and moving expenses. Plaintiffs allege that the decision of ALDOT "violate[ed] Federal Department of Transportation regulations pertaining to condemnations . . . [and] resulted in an inverse condemnation." (Compl. ¶¶ e-g.) It is undisputed that ALDOT is an Alabama state agency.

On March 2, 2006, ALDOT removed this case to the Middle District of Alabama pursuant to 28 U.S.C. § 1441. The defendant based removal upon its assertion of federal subject matter

jurisdiction under 28 U.S.C. § 1331. The defendant argues that this court has jurisdiction over this matter because plaintiffs allege a taking under the Fifth Amendment, and pray for relocation expenses under 42 U.S.C. § 4601. Plaintiffs then filed the instant motion.

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise the jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, federal courts are courts of limited jurisdiction. *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of this Circuit favors remand where federal jurisdiction is not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Id*.

## III. DISCUSSION

The defendant argues that this court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. Defendant specifically contends that the plaintiffs' appeal of the administrative ruling raises issues under the Fifth Amendment to the United States Constitution and the Uniform Relocation Act, 42 U.S.C. § 4601. Federal courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987) (citation omitted). "The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Id.* The court concludes that it does not have subject

matter jurisdiction over this action because of the lack of a federal question. ALDOT relies on principally two issues in support of jurisdiction.

**A.    Taking without Just Compensation**

ALDOT initially argues that the plaintiffs are bringing a Fifth Amendment takings claim, which would presumably satisfy this court's federal question jurisdiction. The court agrees that a claim alleging a violation of the Fifth Amendment arises under the United States Constitution; however, it does not agree that the issue is ripe for the court to consider. In order for a federal court to properly review a Fifth Amendment claim, a plaintiff must establish "that the state law provides him no process for obtaining just compensation (such as an action for inverse condemnation) or that the state law appears to provide such process, but due to state court interpretation, the process is inadequate." *Agripost, Inc. v. Miami-Dade County*, 195 F.3d 1225, 1231 (11th Cir. 1999). If a property owner cannot establish either allegation, then "if such a claim is pending in federal district court, the district court must dismiss it for lack of subject matter jurisdiction since the owner has failed to establish an Article III 'case or controversy.'" *Id.* Alabama state law provides that "when the State takes property without initiating a condemnation action and without paying just compensation to the property owner, the property owner has a cause of action for 'inverse condemnation,' by which he can recover just compensation for the taking." *State v. Armstrong*, 779 So. 2d 1211, 1214 (Ala. 2000) (citation omitted). Obviously, there is an adequate remedy under state law for an aggrieved plaintiff.

Furthermore, plaintiffs must exhaust the appropriate state law processes before this court can address their Fifth Amendment takings claim as an Article III case or controversy. Plaintiffs, having

3

clearly objected to the removal, are certain to deny that they have fulfilled the elements of ripeness. As such, the defendant is not in a position to make their case for them.

**B.     Uniform Relocation Act**

The defendant argues that the court has jurisdiction over this matter because the plaintiffs "challenge the amount of compensation awarded for relocation expenses as a result of the condemnation of their property," and are thereby implicitly bringing this action under the federal Uniform Relocation Act. (Resp. ¶ 2.) The defendant, however, overlooks the fact that this is not an action under the Uniform Relocation Act, but an appeal of a state agency's decision that was based entirely upon Alabama state law. Under Ala. Code § 23-1-210, any entity subject to the Uniform Relocation Act is charged to "do such other acts and follow such procedures and practices as may be necessary to comply with the provisions of the federal Uniform Relocation Act." Ala. Code § 23-1-210 (1975). Further, the Alabama legislature authorized the Director of the State Department of Transportation "to issue such regulations and procedures determined to be necessary or appropriate to carry out [the Relocation Act]." Ala. Code § 23-1-212 (1975). The Director, having been duly authorized by the legislature, issued a Manual on Relocation Assistance, which outlined rules and regulations available for parties affected by relocation. ALDOT adopted the Manual on Relocation Assistance as a "rule of the State of Alabama Highway Department." Ala. Admin. Code r. 450-7-1.03 (1982).

The Manual on Relocation Assistance does reference federal law, and its provisions are similar to the provisions of the Uniform Relocation Act. However, any similarities or references to the federal statute is of little relevance in determining this court's jurisdiction. ALDOT, as a state agency, relied not on federal law, but on its own rules and regulations authorized by the Alabama

Code and the Manual for Relocation Assistance, in reaching its decision denying the plaintiffs' request in the administrative proceedings. The fact that ALDOT's regulations incorporate and reference the Uniform Relocation Act does not confer federal question jurisdiction on this court. *See Mannsfeld v. Phenolchemie, Inc.,* 466 F. Supp. 2d 1266, 1269 (S.D. Ala. 2006) ("The mere fact that a federal statute or regulation may be implicated and even require some interpretation is not sufficient to create federal jurisdiction."). Additionally, it does not matter that plaintiffs' appeal of the administrative ruling suggests that the decision violated federal regulations. *See Bus. Alliance for Responsible Dev. v. Storm Water Mgmt. Auth., Inc.*, 462 F. Supp. 2d 1186, 1189 (N.D. Ala. 2006) ("[A] mere reference to a federal statute under a state law claim does not create federal question jurisdiction."). Moreover, federal funding of the state's highway project similarly does not confer federal jurisdiction over a state agency's proceedings. *See St. Michael's Convalescent Hosp. v. California*, 643 F.2d 1369, 1373-74 (9th Cir. 1981) (commenting that "[federal regulations] do not convert acts of local and state governmental bodies into federal governmental acts").

  Further, the United States Supreme Court has consistently recognized that a federal district court "does not sit to review an appeal action taken administratively or judicially in a state proceeding." *Chicago, R.I. & P.R. Co. v. Stude*, 346 U.S. 574, 581 (1954); *see also Dep't of Transp. & Dev. of La. v. Beaird-Poulan, Inc.*, 449 U.S. 971 (1980) (Rehnquist, J., dissenting). Implicit in the aforementioned decisions of the Supreme Court is the declaration that Anglo-American jurisprudence is based in part upon the separation of the national and state government. If this court were to deny the plaintiffs' motion to remand, it would unilaterally confer federal jurisdiction over

a state administrative appeal, a result not consistent with federal jurisdictional principles or federalism doctrine.

Because this court does not have subject matter jurisdiction over this action, plaintiffs' motion to remand is GRANTED.

## IV.  CONCLUSION

For the foregoing reasons, defendants have not met their burden of establishing federal question jurisdiction.  It is hereby ORDERED that:

1. Plaintiffs' Motion to Remand (Doc. # 2) is GRANTED;

2. This case is REMANDED to the Circuit Court of Montgomery County, Alabama;

3. The Clerk is DIRECTED to take appropriate steps to effect the remand; and

4. Any pending motions are left for resolution by the Circuit Court of Montgomery County, Alabama.

Done this 10th day of May, 2007.

                                    /s/  W.  Keith Watkins
                                UNITED STATES DISTRICT JUDGE